

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GRANT L. TURNER,**

    Petitioner,

v.                                    Civil Action No. **3:08cv664**

**PATRICIA R. STANSBERRY,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a federal prisoner convicted and sentenced in the Middle District of North Carolina (hereinafter "the Sentencing Court"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentence. Challenges to the legality of a conviction or sentence are typically brought in a 28 U.S.C. § 2255 motion. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997).[1] A federal prisoner may attack his conviction pursuant to § 2241, rather than 28 U.S.C. § 2255, only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The fact that a petitioner cannot obtain relief under §2255, however, does not render that provision "inadequate or ineffective." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). To challenge his conviction under § 2241, a prisoner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34.

---

[1] Petitioner voluntarily dismissed without prejudice a § 2255 motion filed in the Sentencing Court. *Turner v. United States*, No. 1:06CV621 (M.D.N.C. August 22, 2007).

Petitioner admits that he cannot make the showing that *Jones* requires. Instead, he argues that he may proceed under § 2241 because he is actually innocent of the criminal history category attributed to him, he is actually innocent of two sentence enhancements applied at sentencing, and, because the Sentencing Court did not engage in level by level analysis, he is actually innocent of the sentence imposed. The United States Court of Appeals for the Fourth Circuit has "not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (*citing In re Jones*, 226 F.3d at 333-34). Furthermore, Petitioner does not cite any authority showing that actual innocence constitutes grounds for allowing him to challenge his conviction pursuant to § 2241 in this Court. The cited authority instead indicates that actual innocence may excuse a prisoner's procedural default. (Mem. in Supp. of Pet. 5 (*citing Dretke v. Haley*, 541 U.S. 386 (2004); *Schlup v. Delo*, 513 U.S. 298 (1995).)

Petitioner's claims cannot proceed under § 2241. Petitioner may only press the instant challenges to his sentence in the Sentencing Court. 28 U.S.C. § 2255(a); *see also Jones*, 226 F.3d at 332. Accordingly the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date: NOV 2 5 2008
Richmond, Virginia

2

/s/
Richard L. Williams
United States District Judge